**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARY FLORES-HERNANDEZ,

      Defendant-Appellant.

No. 05-2137

(D.C. No. CR-02-1020-JC)

(D. New Mex.)

**ORDER AND JUDGMENT**[*]

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore ordered submitted without oral argument.

Appellant was indicted by a grand jury in a three-count indictment for charges involving the possession, importation, and intent to distribute 100 kilograms or more of marijuana. She then pleaded guilty without a plea agreement. The presentence report placed her in criminal history category III and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

recommended a guideline sentencing range of 41 to 51 months' imprisonment. The minimum sentence required by statute for the offenses to which Appellant pleaded guilty, however, was 60 months' imprisonment. At sentencing, Appellant asserted that her criminal history categorization over-represented her criminal history and moved for a reduced categorization. She also asked for a downward departure from the statutory minimum sentence. The district court rejected both of these motions.

Appellant argues that the district court abused its discretion when it did not depart downward from the statutory minimum sentence of 60 months. Specifically, Appellant argues that the court should have considered that she suffered from battered woman's syndrome. Because Appellant did not present this argument to the district court at sentencing, we review for plain error. To qualify as plain error, the error must be (1) error, (2) that is plain, (3) that affects Appellant's substantial rights, and (4) that "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (internal quotation omitted).

In Appellant's case, the district court correctly determined that it was not within its discretion to depart downward from the statutory minimum and, therefore, there was no error. The sentencing provision of the drug statutes to which Appellant pleaded guilty contains a safety valve that allows for the court to

depart downward from the statutory minimum sentence. 18 U.S.C. § 3553(f). But the safety valve only applies if (1) the defendant has no more than one criminal history point; (2) the defendant did not "use [or threaten] violence" nor possess a dangerous weapon; (3) "the offense did not result in death or serious bodily injury to any person"; (4) the defendant did not organize the offense; and (5) the defendant has completely cooperated with the investigation. *Id.*

The district court assessed four criminal history points for four misdemeanors in Appellant's record and noted that the presentence report listed "thirteen other convictions for which [Appellant] did not receive criminal history points." Memorandum Opinion and Order, 7-8 (D.N.M. Apr. 29, 2005). The district court concluded that "[g]iven her lengthy criminal history, the Court does not believe the criminal history category over-represents [Appellant's] criminal history or her likelihood to commit other crimes." *Id.* at 8. Because the district court held that Appellant had more than one criminal history point, it held that she did not qualify for § 3553(f)'s safety valve.

We have carefully reviewed the briefs of Appellant and Appellee, the record on appeal, and the district court's order. For substantially similar reasons to those laid out by the district court in its order, we hold that there was no error and, therefore, no plain error, and **AFFIRM** the district court's sentence.

Entered for the Court

Monroe G. McKay
Circuit Judge